UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CASSANDRA HARBOUR,<br>    Plaintiff,<br>v.<br><br>PARKER HANNIFIN CORPORATION,<br>    Defendant. | )<br>)<br>) Cause No.  2:23-cv-00274<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Cassandra Harbour, by counsel, Colby A. Barkes of the law firm BLACHLY, TABOR, BOZIK & HARTMAN LLC, and for Plaintiff's First Amended Complaint against Defendant, Parker Hannifin Corporation, states to the Court as follows:

## JURISDICTION

1. During all times relevant to Plaintiff's Complaint, Plaintiff, Cassandra Harbour, is a citizen of Lake County, Indiana, residing in the city of Schererville, county of Lake, state of Indiana.

2. Defendant, Parker Hannifin Corporation, is a Delaware Corporation maintaining and conducting business as Parker Hannifin Corporation – Medical Systems Division and as Parker Hannifin Corporation – Composite Sealing Systems Division, in the City of Merrillville, county of Lake, state of Indiana, and has at all relevant times herein. Parker Hannifin Corporation's principal address is in Cleveland, Ohio.

3. During all times relevant to Plaintiff's Complaint, Plaintiff was employed at Defendants, Engineered Materials Group, as the Plant Quality Manager, Composite Sealing Systems Division, Merrillville Business Unit, located in the city of Merrillville, county of Lake, state of Indiana.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended.

**FACTUAL BACKGROUND**

5. Plaintiff, Cassandra Harbour ("Harbour" or the "Plaintiff") was hired by Parker Hannifin Corporation, Engineered Materials Group as its Plant Quality Manager, Composite Sealing Systems Division, Merrillville Business Unit, (hereinafter "Parker Hannifin") for work in Merrillville, Indiana, around August 17, 2020.

6. During times relevant to Plaintiff's Complaint, Harbour was employed at Parker Hannifin as a Quality Assurance Manager.

7. Harbour was a competent and loyal employee who performed her work in a satisfactory manner, meeting Parker Hannifin's legitimate job expectations of her.

8. During times relevant to Plaintiff's Complaint, one of Harbour's subordinate employees was Luis "Danny" Rivera (hereinafter "Danny").

9. Around February 17, 2021, Danny complained to Harbour of harassment by Plant Manager, Scott Markovich.

10. Harbour believes Danny is Puerto Rican and in a protected class of person based on his national origin/ethnicity/color of his skin.

11. After becoming aware of harassment, around February 18, 2021, Harbour

accompanied Danny to human resources at Parker Hannifin in accordance with the Parker Hannifin's harassment reporting procedure. Harbour assisted Danny with making a harassment complaint to Jenna Drummond in human resources at Parker Hannifin.

12. Plaintiff participated in Danny's complaint of racism/harassment.

13. Plaintiff opposed what she believed to be unlawful harassment in her workplace at Parker Hannifin.

14. Parker Hannifin's harassment reporting procedure indicates that no employee will be retaliated against for bringing such conduct to the employer's attention.

15. Jenna Drummond forwarded Harbour's complaint [Ex.1] to Debbie Ray at corporate human resources and to Plaintiff's immediate supervisor, Beth Keiper.

16. Jenna Drummond informed Parker Hannifin that Danny and Harbour complained of "racism".[1] [Ex.1]

17. After Plaintiff engaged in activity protected, Parker Hannifin looked for reasons to terminate Plaintiff's employment.

18. After Plaintiff engaged in activity protected, around March 1, 2021, Parker Hannifin made false accusation that Plaintiff falsified her job application by omitting Amazon as one of Plaintiff's previous employers.

19. After Plaintiff engaged in activity protected, Parker Hannifin purported other justification for her termination, to the Indiana Department of Workforce Development.

20. Plaintiff was involuntarily terminated by Parker Hannifin around March 3, 2021.

21. Parker Hannifin terminated Harbour in retaliation for her protected activity.

---

[1] Attached marked as Exhibit 1 is a screenshot of Jenna Drummond's summary of Danny's complaint about racism that Harbour brought to the attention of Parker Hannifin, assisted Danny with, and participated in.

22. Parker-Hannifin deprived Harbour of equal employment opportunities and otherwise adversely affected her status as an employee after Harbour engaged in protected activity.

23. The unlawful employment practices and retaliation complained of above were negligent and/or intentional and oppressive.

### Verification

I hereby swear or affirm, under the penalty and pains of perjury, that the above fact representations of in paragraphs 6 through 23 are true and accurate.

_____
**CASSANDRA HARBOUR**

24. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Defendants, which is stamped as received on September 27, 2021.[2] [Ex.2]

25. On May 30, 2023, Plaintiff received her Notice of Right to Sue from the Equal Employment Opportunity Commission advising of the 90-days given by her right-to-sue to file a Complaint against Defendants.[3] [Ex.3]

### COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT of 1964, as amended

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN, LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

---

[2] A copy of Harbour's Charge No. 470-2021-03716 is attached hereto marked as Exhibit 2 and incorporated fully herein by reference.
[3] A copy of Harbour's Notice of Suit Rights for Charge No. 470-2021-03716 is attached hereto marked as Exhibit 3.

26. Plaintiff incorporates by reference all paragraphs of the Factual Background section (paragraphs 6 through 23) as though fully set forth/restated herein.

27. During times relevant to Plaintiff's Complaint, Parker Hannifin is an employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"). Upon information and belief, Parker Hannifin employs more than 500 employees.

28. Harbour was meeting all Parker Hannifin's legitimate employment expectations of her.

29. Harbour engaged in activity protected by Title VII around February 18, 2021.

30. Thereafter Parker Hannifin looked for reason to terminate Harbour.

31. After engaging in Title VII protected activity, Parker Hannifin began a campaign to assassinate Harbour's good name and character.

32. Around March 1, 2021, Harbour was falsely accused of falsifying her job application, which caused substantial detriment to Harbour's employment relationship with Parker Hannifin.

33. Harbour was subjected to different work standards and policies than other employees at Parker Hannifin because of Harbour's engagement in protected activity.

34. Harbour's employment was involuntarily terminated by Parker Hannifin around March 3, 2021.

35. Parker Hannifin, by its agents, servants, supervisors, administrators, human resources and/or employees, retaliated against Harbour, which undermined her ability to succeed at her job and/or unreasonably interfered with Harbour's ability to do her job at Parker Hannifin.

36. Harbour suffered an adverse employment action at Parker Hannifin because of her activity protected by Title VII.

37. Parker Hannifin's stated reason for termination of Harbour was pre-textual.

38. Harbour's protected activity played a role in Defendant's business decisions concerning her.

39. Parker Hannifin failed to protect Harbour from retaliation in the workplace.

40. Parker Hannifin's articulated reason for Harbour's termination was insufficient to motivate her discharge.

41. Parker Hannifin's unlawful actions were negligent, willful, wanton, malicious, intentional and oppressive and done in reckless disregard of Harbour's rights as protected by Title VII.

42. As a direct and proximate result of Parker Hannifin's actions, inactions and omissions, Harbour suffered retaliatory termination from employment.

43. During the course and scope of Harbour's employment at Parker Hannifin, Parker Hannifin, by its agents, servants, supervisors, administrators, human resources and/or employees, acting within the course and scope of their service and/or employment retaliated against Harbour due to her protected activity, which Parker Hannifin condoned and ratified, took no action to stop, and performed willfully or wantonly against Harbour, while Parker Hannifin was aware or should have been aware of such misconduct by and through its agents, servants, supervisors, administrators, human resources and/or employees, all in violation of Title VII.

44. Harbour suffered general emotional distress, general mental pain and suffering, humiliation, embarrassment to name, character and reputation, decreased

employability, loss of employment and employment benefits due to the actions and/or inactions of Parker Hannifin and as a result of retaliation against Harbour motivated by her protected activity, which Parker Hannifin condoned and ratified, took no action to stop, and performed willfully or wantonly against Harbour, while Parker Hannifin was aware or should have been aware of such misconduct by and through its agents, servants, supervisors, administrators, human resources and/or employees, all in violation of Title VII.

45. Harbour has suffered and continues to suffer substantial losses and earnings, stock options and other employment/retirement benefits Harbour rightfully would have received absent retaliation by Parker Hannifin, and its agents, servants, supervisors, administrators, human resources and/or employees.

46. Harbour has incurred costs and expenses to file this action against Parker Hannifin to protect her statutory rights. In addition, the above acts by Parker Hannifin and its agents, servants, supervisors, administrators, human resources and/or employees, were negligent, willful, wanton, malicious, intentional and oppressive, and justify the awarding of punitive damages in favor of Harbour against Defendant, and an award in favor of Harbour against Defendant for Harbour's attorney fees, expert witness fees and other costs associated in filing this Complaint against Parker Hannifin.

WHEREFORE, Plaintiff, by counsel, request relief of the Court consisting of all damages afforded by law including, but not limited to, the following:

    a.    Judgment for actual damages to compensate Harbour for backpay, the full value of wages she would have received had it not been for Defendant's unlawful treatment of Harbour, with interest from the date of retaliation, in addition to reimbursement for lost pension, social security, stock options, experience, training opportunities, retroactive pay increases and fringe and other benefits;

b. Reinstatement with the same seniority accumulated status, fringe benefits and all other rights Harbour would have had she not suffered termination/materially adverse employment action, or in the alternative, front pay;
c. Judgment for compensatory and punitive damages;
d. Judgment for general emotional distress and humiliation Harbour has suffered as a result of Defendant's (by its agents, servants, supervisors, administrators, human resources and/or employees) unlawful conduct;
e. Defendant be enjoined from retaliating against Harbour in any manner that violates Title VII of the Civil Rights Act of 1964, as amended;
f. Expenses of litigation and reasonable attorney fees and costs;
g. Prejudgment interest at the statutory rate; and
h. All other just and proper relief in the premises, against Defendant.

Respectfully submitted,
**Blachly Tabor Bozik & Hartman, LLC**

/s/ Colby A. Barkes
Colby Barkes (Atty. #26251-64)
56 Washington Street, Suite #401
Valparaiso, IN 46383
Ph. (219) 464-1041
Fax (219) 464-0927
cabarkes@btbhlaw.com
Attorney for Plaintiff

## JURY DEMAND

COMES NOW the Plaintiff, Cassandra Harbour, by counsel, Colby A. Barkes of the law firm of Blachly Tabor Bozik & Hartman LLC, and demands trial by jury.

Respectfully submitted,
**Blachly Tabor Bozik & Hartman, LLC**

/s/ Colby A. Barkes
Colby Barkes (Atty. #26251-64)
56 Washington Street, Suite #401
Valparaiso, In 46383
Ph. (219) 464-1041
Fax (219) 464-0927
cabarkes@btbhlaw.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>2nd</u> day of November, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification to the following CM/ECF participants: John Drake (john.drake@ogletree.com) and Christina Kamelhair (christina.kamelhair@ogletree.com)

**BLACHLY, TABOR, BOZIK & HARTMAN LLC**
BY: /s/ Colby A. Barkes